IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00677-EWN-OES

TAMARA J. FORTE,

Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY;
CASTLE MEINHOLD & STAWIARSKI, LLC;
Castle Attorney JENNIE PUZIO;
Castle Attorney KRISTIN A. HAUPTMAN;
Castle Attorney CAREN CASTLE; and
Castle Attorney LARRY CASTLE,

Defendant.

RECOMMENDATION FOR DISMISSAL

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

On April 12, 2005, plaintiff, acting *pro se*, filed a "Verified Petition"against a creditor trust company, and the law firm and lawyers retained to initiate foreclosure proceedings on 2215 Cowland Place in Pueblo, Colorado 81008, to collect a debt in the amount of $125,547.11.  Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.  She claims that Castle Meinhold & Stawiarski, LLC, the debt collector, lacked authority to initiate foreclosure proceedings and has failed to afford her adequate time to respond to their December 22, 2204, notice of foreclosure.

Plaintiff was allowed to proceed in this matter pursuant to 28 U.S.C. § 1915, based on her inability to prepay fees or give security therefor.  See Docket #6.

However, in her motion requesting to proceed *in forma pauperis*, plaintiff specifically indicated she did not request that the court direct the United States Marshal Service to serve process. See Docket #1. Accordingly, on April 14, 2005, the office of the Clerk provided the plaintiff with issued summonses and conformed copies of the Complaint for her use in perfecting service upon the defendants herein. See Docket #8. Plaintiff was also provided with a copy of Fed.R.Civ.P. 4 regarding the summons and service thereof. Id. Plaintiff was encouraged to serve the summons and complaint promptly, and file her return of service with the court. Id.

As of October 3, 2005, no returns of service had been filed in this action, and no request for an extension of time to do so had been made. Accordingly, I issued an Order To Show Cause, directing that by no later than October 17, 2005, plaintiff file with the court her returns of service of the summonses and complaint upon the defendants or show cause, in writing, as to why this case should not be dismissed, or other sanctions imposed, for plaintiff's failure to make service upon the defendants as required by Fed.R.Civ.P. 4(m). The date for response has passed, and no response or request for an extension of time to respond has been filed by the plaintiff.

The provisions of Fed.R.Civ.P. 4(m) direct that:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

More than 120 days have passed since the filing of plaintiff's complaint, with no evidence of service upon the defendants being filed with this court. Further, plaintiff

2

has not requested an extension of time in which to effect service upon the defendants, and the plaintiff has failed to respond to the court's directive that she show cause why service has not been effected.  Plaintiff has failed to meet her burden in this regard, and her failure to respond in any manner amply demonstrates a lack of reasonable diligence in prosecuting this lawsuit.  In short, it appears that plaintiff has lost interest in this case, lost touch with the court, or both.

Therefore, it is hereby **RECOMMENDED** that this case be **DISMISSED** in its entirety.  It is further **RECOMMENDED** that dismissal of this action be with prejudice, because involuntary dismissal based on a failure to prosecute or comply with rules or any order of the court operates as an adjudication on the merits.  FED.R.CIV.P. 41(b).

The parties' rights to seek review or reconsideration of this recommendation, by filing objections within ten days, are attached hereto, and are entitled "Advisement Under Fed. R. Civ. P. 72."

Dated at Denver, Colorado, this 18th day of October, 2005.

                                        BY THE COURT:

                                        s/ O. Edward Schlatter
                                        _____
                                        O. Edward Schlatter
                                        United States Magistrate Judge

**ADVISEMENT UNDER FED. R. CIV. P. 72**

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).